IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-1850-WJM-SBP

ASHLEY BEARD,

    Plaintiff,

v.

BRINK'S INC.,

    Defendant.

## ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

Before the Court is Plaintiff Ashley Beard's ("Plaintiff") motion for leave to amend her complaint ("Motion") to seek exemplary damages against Defendant Brink's Inc. ("Defendant"). (ECF No. 117.) The Motion is fully briefed. (ECF Nos. 119, 120.)

For the following reasons, the Motion is denied.

### I. PERTINENT BACKGROUND

The parties are familiar with the pertinent background of this case from, among other sources, Magistrate Judge Susan Prose's Recommendation on the parties' cross summary judgment motions. (ECF No. 102 at 2–9.) The Court incorporates that background here.

### II. ANALYSIS

Plaintiff seeks leave to amend her complaint to pursue exemplary damages against Defendant. (ECF No. 117.) In support, she argues that, although she did not move to amend her complaint to seek exemplary damages until February 2025—long

after the scheduling order's September 2023 deadline to amend the pleadings had passed—good cause excuses this delay under section 13-21-102(1.5)(a), C.R.S. (2025), Rule 16, and Rule 15.  (*See generally id.*; ECF No. 44.)  Perceiving a lack of good cause to grant leave to amend, the Court denies the Motion.

Initially, the Court rejects Plaintiff's argument that section 13-21-102, Colorado's exemplary damages statute, establishes good cause to allow her to amend her complaint.  That statute precludes a plaintiff from moving for exemplary damages in their initial pleading, instead requiring the plaintiff to amend the complaint to add such a claim "only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure" and if they establish prima facie proof of a triable issue.  § 13-21-102(1.5)(a).  Pursuant to this authority, Plaintiff submits that her failure to timely seek exemplary damages should be excused because she could not have asserted her punitive damages claim in her original complaint back in July 2022.  (ECF No. 117 at 3.)

But section 13-21-102 plays no role in this civil rights action because that statute applies only to torts claims.  *See Hensley v. Tri-QSI Denver Corp.*, 98 P.3d 965, 967 (Colo. App. 2004) ("Under [section 13-21-102(1)(a)], punitive damages are awardable only for viable tort claims."); *see also Creger v. Evernest Holdings, LLC*, 2024 WL 5001247, at *3 (D. Colo. Dec. 6, 2024) (concluding that section 13-21-102 does not apply to the Colorado Anti-Discrimination Act, a state civil rights statute); *Elder v. Williams*, 477 P.3d 694, 702 (Colo. 2020) (concluding "that CADA claims do not and could not lie in tort").  Plaintiff asserts claims only under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.  (ECF No. 1.)  These are not tort claims—a point Plaintiff does not dispute in her papers.  (*See generally* ECF Nos. 117,

120.)  Hence, section 13-21-102 cannot serve to excuse Plaintiff's delay.[1]  *Cf. Louradour v. United Launch Alliance, L.L.C.*, 2021 WL 4947316, at *7 (D. Colo. Sept. 9, 2021) (declining to "employ Rules 15 or 16 in determining whether Plaintiff should be permitted leave to amend to add an exemplary damages claim" because section 13-21-102 governed the analysis where a tort claim was at issue).

That leaves Rules 16 and 15.  Where, as here, the deadline to amend the pleadings pursuant to the scheduling order has passed, the Tenth Circuit has instructed that "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  Rule 16 provides that "a scheduling order may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In practice, this standard requires the movant to show that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations omitted).  Rule 16's good cause requirement may

---

[1] Plaintiff does not appear to challenge this conclusion in her reply brief.  (*See generally* ECF No. 120.)  At most, she argues that the *Creger* decision is inapposite here because that case involved Colorado Anti-Discrimination Act claims, whereas this case involves Title VII claims.  (*Id.* at 2–3.)  But that distinction does not compel a different result here.  For one, Plaintiff does not explain why that distinction makes a difference.  And two, the statutes are both civil rights statutes, one state and the other federal.  At bottom, they share this pertinent characteristic in common: They are not tort claims.

Moreover, Plaintiff repeatedly suggests in her papers that she seeks punitive damages under 42 U.S.C. § 1981(a)(1), not section 13-21-102.  (*See* ECF No. 117 at 4 (citing 42 U.S.C. § 1981(a)(1)); *see also* ECF No. 120 (For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and not foreclose her from pursue punitive damages against Brinks for engaging in a discriminatory practice 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'  42 U.S. Code § 1981a(b)(1).").)  In other words, it appears to the Court that Plaintiff does not intend to assert her proffered punitive damages claim under section 13-21-102 after all; instead, she seems to rely on section 1981.

be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. *Id.* at 668–69. The Tenth Circuit specifically requires the movant to show that good cause justifies amending their complaint after a scheduling order deadline has passed. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1141 ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

Rule 15(a) favors allowing amendment so long as the moving party has shown, among other things, that the amendment would not cause undue delay, undue prejudice to the opposing party, and that it is not sought because of bad faith or dilatory motive. *Id.* at 1242; *Pumpco Inc.*, 204 F.R.D. at 668. Similar to the requirements of Rule 15(a), a court may also deny a motion to amend to add an exemplary damages claim because of delay, bad faith, undue expense, or other demonstrable prejudice. *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007).

Applying these principles, the Court concludes that Plaintiff has not satisfied the standards of Rule 16(b)(4). As mentioned, that rule allows for amendment only if Plaintiff shows good cause for doing so. Fed. R. Civ. P. 16(b)(4). In this context, good cause ordinarily means that the plaintiff has shown that "scheduling deadlines cannot be met despite [their] diligent efforts," such as by not being privy to material information or evidence until discovery has been conducted. *Pumpco,* 204 F.R.D. at 668–69 (quotations omitted).

But Plaintiff does not aver in her papers that she failed to plead punitive damages because she lacked access to certain information or evidence. (*See generally* ECF Nos. 117, 120.) On the contrary, Plaintiff stresses that she is entitled to seek punitive

4

damages based on the same facts she has advanced since the beginning of this case: that Defendant engaged in unlawful intentional discrimination "by placing [her] on the work schedule for June 7, 2021, despite knowing that [she] could not return until after June 15, 2021, when she was meeting with her doctor to discuss the accommodations she would require before returning to work."  See Husky Ventures, Inc. v. B55 Invs., Ltd., 911 F.3d 1000, 1020 (10th Cir. 2018) (explaining that "good cause" "obligates the moving party to provide an adequate explanation for any delay").  (ECF No. 117 at 4.)

Lacking new evidence on which to rely, Plaintiff argues that her pro se status throughout the first few years of this lawsuit constitutes good cause to amend her complaint.  (See ECF No. 117 at 4 ("In short, because Plaintiff proceeded pro se through the summary judgment stage, good cause exists to allow her to amend her complaint to include a request for punitive damages.").)  She adds that she "does not seek to add any substantively new claims by way of her proposed amendments" but rather seeks "leave to simply restate and clarify the damages she is entitled to for her existing claims, this time with the benefit of pro bono counsel's assistance."  (Id. at 3.)  Finally, she says that her proposed amendment would "not prejudice Defendant" because, among other reasons, she "indicated her intention to pursue exemplary damages in her initial disclosures on November 15, 2022."  (Id. at 4.)

The Court acknowledges that Plaintiff proceeded pro se through the most important pretrial stages of this action.  (See ECF No. 83 (Plaintiff's counsel filed her notice of appearance in March 2024, i.e., over a year after this action commenced in July 2022 and after the parties filed their summary judgment motions).)  The Court is not convinced, however, that this circumstance, on its own, constitutes good cause under

5

Rule 16(b)(4). Although Plaintiff cites caselaw advising that "[c]ourts should give leave to amend freely, especially when the plaintiff is proceeding *pro se*," *Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012), the Court has not located—and Plaintiff has not cited—any case holding that a *pro se* party should be allowed to amend their complaint even where that party admits to knowing the facts underlying their punitive damages claim since the beginning of the case. To the extent courts have addressed that issue, they appear to undercut Plaintiff's position. *See, e.g., In re Woodhouse*, 2022 WL 625714, at *5 (Bankr. D. Utah Mar. 3, 2022) (concluding that "*pro se* status does not affect the Court's determination of good cause" when considering motion to amend); *Johnson v. Ogeechee Behav. Health Servs.*, 2006 WL 8435571, at *1 (S.D. Ga. Dec. 6, 2006) (finding that plaintiff's *pro se* status at the beginning of the case—and failure to recognize causes of action—wasn't good cause warranting amendment under Rule 16(b)).

In any event, even assuming Plaintiff's former *pro se* status in itself constitutes good cause under Rule 16(b)(4), she has been represented in this case by able counsel since March 19, 2024. (ECF No. 83.) Yet Plaintiff has not explained why she waited until February 28, 2025 to file the Motion seeking leave to amend her complaint. (ECF No. 117.) And although Defendant makes this point in its response (ECF No. 119 at 4), Plaintiff does not offer a retort in her reply (*see generally* ECF No. 120). 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019) ("[T]he factor on which courts are most likely to focus . . . is the relative diligence of the lawyer . . . who seek[s] the change."). So even if Plaintiff's *pro se* status constitutes good cause under Rule 16(4)(b), the Court perceives no cause justifying the nearly one-year delay in her

6

filing the Motion since she retained counsel. *See Perez v. Denver Fire Dept.*, 724 F. App'x 646, 650 (10th Cir. 2018) (discerning no abuse of discretion in district court's finding of a lack of good cause where plaintiff "waited six weeks to seek leave to amend"); *see also Vazirabadi v. Denver Pub. Sch.*, 820 F. App'x 805, 809 (10th Cir. 2020) (same, but where 106 days passed before plaintiff filed first motion to amend). This delay is particularly weighty to the Court's analysis given that the trial date is fast-approaching. (*See* ECF No. 107 (setting trial for September 29, 2025).

Given all this, the Court concludes that Plaintiff has not satisfied the requirements of Rule 16(b)(4). *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 991 (10th Cir. 2019) ("Because Ms. Tesone has not shown that she made diligent efforts to meet the expert disclosure deadline and because she provides no explanation for her belated motion, she has not demonstrated the 'good cause' necessary to modify a scheduling order under Rule 16(b)(4)."); *see also Grays v. Navient Sols., LLC*, 2021 WL 5277146, at *2 (D. Colo. Nov. 12, 2021) (denying motion to amend where plaintiff "did not identify any new facts discovered after the deadline for amended pleadings").

And because the Court concludes that Plaintiff has failed to satisfy Rule 16(b)(4), it need not address whether she satisfied the more lenient standard of Rule 15(a).[2] *See*

---

[2] Although the Court does not perform a Rule 15(a) analysis, it notes that it is not persuaded by Defendant's argument that it would be meaningfully prejudiced if the Court permitted Plaintiff to amend her complaint. Defendant does not dispute that Plaintiff's proffered punitive damages claim stems from the same facts as her Title VII claims, so there would hardly be any conceivable "prejudice by allowing [Plaintiff] to seek a different remedy for a claim that has already been properly plead." *Fox v. Makarchuk*, 2021 WL 9563225, at *3 (D. Wyo. Mar. 11, 2021).

Still, prejudice is beside the point here. "Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). *Rule 16(b) does not focus on* the bad faith of the movant, *or the prejudice to the opposing party*. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)

7

*Gorsuch, Ltd.,* 771 F.3d at 1240 (requiring moving party to satisfy both Rules 16 and 15 after a scheduling order deadline has lapsed).

### III. CONCLUSION

For these reasons, the Motion is DENIED. (ECF No. 117.)

Dated this 13th day of June, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

---

(emphases added) (citation omitted); *see also HLS Trucking Inc. v. Hooper Corp.*, 2022 WL 16860115, at *2 (D. Colo. Nov. 7, 2022) (same).

8